J-A15043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CANDY JO LAUBSCHER | : | |
| | : | |
| Appellant | : | No. 1643 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 31, 2023
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000450-2022

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED: AUGUST 16, 2024**

Appellant, Candy Jo Laubscher, appeals from the order entered in the Clinton County Court of Common Pleas on October 31, 2023. We dismiss the appeal.

Briefly, the relevant facts and procedural history are as follows: After a jury trial which occurred on June 2, 2023, Appellant was found guilty of simple assault by physical menace, terroristic threats, and firearms not to be carried without a license. Tr. Ct. Op. at 1. On October 31, 2023, Appellant was sentenced to twenty-nine (29) to 144 months' incarceration. No post-sentence motions were filed. **Id**. On November 29, 2023, Appellant filed a notice of

---

[*] Former Justice specially assigned to the Superior Court.

appeal. In response to the court's Rule 1925(b) order,[1] Appellant filed a Rule 1925(b) statement on December 19, 2023, baldly stating, "[t]he evidence presented at Defendant's Trial by Jury was legally insufficient to support a conviction." Appellant's 1925(b) Statement at ¶ 1. On December 28, 2023, the trial court issues a 1925(a) opinion. This appeal follows.

Appellant raises two issues for our review:

1. Should the Appellant have been determined to be not guilty of a Firearms Violation as a matter of law due to the possession of a firearm at her place of business.

2. Should the Appellant have been determined to be not guilty of Terroristic Threats as matter of law due to not having made any threats to the victim.

Appellant's Br. at 8.

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (citing Pa.R.A.P. 2119 (a)-(c); remaining citations omitted). Additionally, the Argument section of the brief "shall be

---

[1] The trial court's Rule 1925(b) order did not comply with Pa.R.A.P. 1925(b)(iii) in that it did not include the mailing address to which Appellant should mail his statement. This error of the trial court prevents a finding of waiver on the basis of an inadequate statement of errors complained of on appeal.

divided into as many parts as there are questions to be argued[.]" Pa.R.A.P.
2119(a).

"We shall not develop an argument for an appellant, nor shall we scour
the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189
A.3d 1065, 1079 (Pa. Super. 2018). When an appellant fails to develop an
argument sufficiently to permit meaningful review, we may dismiss the appeal
or find that issue waived. ***Hardy***, 918 A.2d at 771; Pa.R.A.P. 2101 (explaining
that substantial briefing defects may result in dismissal of appeal); ***see also***
***Commonwealth v. B.D.G.***, 959 A.2d 362, 371-72 (Pa. Super. 2008) (finding
issue waived where the appellant failed to cite any pertinent authority to
support his argument).

Here, Appellant's argument section is substantially underdeveloped,
and, thus, precludes meaningful appellate review. First, she has failed to
address each issue raised under a separate heading as required by Rule
2119(a) and, instead, combines her arguments—that she should be not guilty
as a matter of law—into one section. More importantly, Appellant has failed to
provide citation to relevant legal authority to support either of her arguments.
The Argument section of appellant's brief is reproduced in its entirety below:

> Appellant is 48 years old. On September2, 2022, her sole
> source of income was from her rental property on which these
> offenses allegedly occurred (N.T. 228, 299). Although she had no
> license to carry a firearm, the clear legal exceptions to this
> prohibition is at one's home and at one's place of business. (See
> 18 Pa.C.S.A. 6106)
> On the date in question, Appellant and her husband went to
> their rental property, which rental property was their source of

income, to secure their property believing it was totally unoccupied based upon a conversation with the person who had been occupying the rental unit.

Appellant, who had no license to carry a firearm, went to the rental rural property armed with a firearm because of her fear on the property possibly having poisonous snakes, inside or out, or other animals such as dangerous dogs.

She went inside her business property expecting possible harmful animals, and certainly not people. Inside, she unexpectedly found a person who was not and had not been a tenant of the property. As a result of her possession of a firearm when she confronted this person, she was charged with and convicted of this offense.

Additionally, by instructing this person to vacate her business property, she was also charged with and convicted of Terroristic Threats. (18 Pa. C.S.A. 2706)

Appellant, as a matter of law, should not have been convicted of either offense.

Appellant's Br. at 11-12.

Appellant has failed to apply the law to the facts of this case in a coherent manner as required by our Rules of Appellate Procedure and case law. **B.D.G.**, 959 A.2d at 371-72; Pa.R.A.P. 2119(a). Accordingly, she has not provided a cogent argument establishing how the trial court erred as a matter of law. In sum, Appellant's violations of the Rules of Appellate Procedure preclude this Court's meaningful review. It is not the role of this Court to develop an appellant's legal argument. **Milby,** 189 A.3d at 1079. Accordingly, we are constrained to dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/16/2024